OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



June 28, 2000

Ms. Kathryn A. Yeager
Chair, Board of Regents
Midwestern State University
3410 Taft Boulevard
Wichita Falls, Texas 76308-2099

Opinion No. JC-0240

Re: Whether donated endowment and scholarship funds may be transferred from the control of a university to that of its private foundation (RQ-0178-JC)

Dear Ms. Yeager:

You have asked this office whether and how certain funds donated to Midwestern State University (the "University") for the purposes of faculty endowment and scholarships may be transferred from the control of the University to that of a private foundation which, as we understand it, exists to benefit the University. As you explain it, "The proposed shift of funds would be made with the agreed provision that there would be no difference in purpose with regard to the use of the funds." Letter from Louis J. Rodriguez, President, Midwestern State University, to Honorable John Cornyn, Attorney General of Texas (Jan. 28, 2000) (on file with Opinion Committee) (hereinafter "Request Letter").

We note at the outset that our response will of necessity be general in nature, relying on your representations concerning matters of fact with regard to these donations. We do not decide matters of fact in the opinion process. *See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2, M-187 (1968) at 3, O-2911 (1940) at 2. Accordingly, to the extent that an understanding of these particular gifts, their status, and the donor's intent with regard to them would require fact-based inquiry, we can give advice only concerning the legal issues, taking the facts as you give them to us.

As you explain it, certain funds were given to Midwestern State University, apparently for the purposes of faculty endowment and student scholarships, with the "expressed . . . preference that the funds be managed by Midwestern State University, rather than its foundation." Request Letter, *supra*, at 1. Because you and the donor appear to believe that the Public Funds Investment Act restricts certain investments of these funds, *but see* Tex. Att'y Gen. Op. No. DM-489 (1998) (defining "public funds" subject to act), the donor "has now expressed a changed preference that the funds be managed by the University foundation, rather than the University." Request Letter, *supra*, at 1. You do not suggest that the gift of these funds was a revocable trust, and for the sake of the analysis we will presume that such is not the case.

You ask us first to consider the possible applicability of two recent opinions of this office, Attorney General Opinions JC-0138 (1999) and JC-0146 (1999). Attorney General Opinion JC-0138 concerned whether a public junior college could transfer funds donated by a private donor to a nonprofit foundation "created exclusively for charitable and educational purposes in providing support for the specific College seeking to transfer the funds." Tex. Att'y Gen. Op. No. JC-0138 (1999) at 1. Attorney General Opinion JC-0146, on the other hand, concerned whether a state university could transfer legislatively appropriated funds to a private, out-of-state endowment. We agree that the factual situation your letter describes, one in which you seek to transfer funds granted to Midwestern State by a private donor for restricted purposes from the control of the university's regents to those of the foundation allied with the university, is essentially the same as, and is therefore governed by Attorney General Opinion JC-0138.

You next ask, if "the funds described in this request are not general funds but funds impressed with a charitable trust . . . whether the transfer could be done by written agreement, or if the judicial proceedings suggested by JC-0138 must be followed." Request Letter, *supra*, at 1.

As we understand your description of the funds in question, they were given for restricted purposes and are not general funds of the university. In Attorney General Opinion JC-0138, we explained that "Restricted funds such as these are impressed with a charitable trust; the college's legal title to them is subject to an inalienable beneficial interest." Tex. Att'y Gen. Op. No. JC-0138 (1999) at 3.

Generally, the method by which such a trust may be modified is that set forth in section 112.054 of the Property Code, pursuant to which a court of competent jurisdiction must be shown that "because of circumstances not known to or anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of the purposes of the trust." TEX. PROP. CODE ANN. § 112.054(a)(2) (Vernon 1995). The remedy sought would be analogous to that described in Attorney General Opinion JC-0138. That is, the regents of Midwestern State University, who pursuant to section 103.08 of the Education Code are to administer such funds as these, would petition the court to substitute for them "the trustees of a nonprofit corporation created to provide support to the college in question . . . ." Tex Att'y Gen. Op. No. JC-0138 (1999) at 4. Because this office represents the public interest in charitable trusts, "the attorney general is a proper party and may intervene in a proceeding" such as this. TEX. PROP. CODE ANN. § 123.002 (Vernon 1995). Notice of such a proceeding is to be given this office "by sending to the attorney general, by registered or certified mail, a certified copy of the petition or other instrument initiating the party's involvement in the proceeding." *Id.* § 123.003(a) (Vernon Supp. 2000).

## S U M M A R Y

A gift of funds to a state university for a restricted purpose is impressed with a charitable trust. In order to modify such a trust, the university's regents must petition a court of competent jurisdiction for such a modification. The Office of the Attorney General, which represents the public interest in charitable trusts, is a proper party to such a proceeding, and should be given notice in the manner prescribed by section 123.003(a) of the Property Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee